780 F.2d 1022
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
DEDRICK MAYS, Plaintiff-Appellant,
v.
HERMAN C. DAVIS, WARDEN, Defendant-Appellee.
 85-5732
 United States Court of Appeals, Sixth Circuit.
 11/11/85
 
 AFFIRMED
 W.D.Tenn.
 ORDER
 BEFORE: LIVELY, Chief Judge; JONES, Circuit Judge; and PECK, Senior Circuit Judge.
 
 
 1
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the respective parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Dedrick Mays is appealing the dismissal of his 42 U.S.C. Sec. 1983 action. His action is one of several filed by inmates at Ft. Pillow State Prison as a result of the appellee's handling of a work stoppage on July 11, 1983. On the date of the work stoppage, despite efforts of the appellee warden to resolve the crisis, the inmates stayed in the prison courtyard nearly all day. Around 5:00 p.m., the inmates were ordered to the west sector of the courtyard. Razor wire was strung and armed guards were positioned to keep the inmates in that portion of the prison yard. The work stoppage lasted three days. The appellee provided food, water and medical care to the inmates. Also, containers were given to the inmates to be used as toilets. During the period, four inmates were shot and wounded as they tried to leave the fenced area. The appellant was not wounded in this incident but claims he was injured by other inmates fleeing the area of the shooting.
 
 
 3
 The appellant claims that his right to due process and his right to be free from cruel and unusual punishment were violated by the warden in this situation. This Court has previously found such contentions to be without merit. See Kinley v. Davis, Nos. 84-5454, 84-5456 (6th Cir. August 27, 1985); Holliday v. Davis, Nos. 84-5509, 84-5746 (6th Cir. August 29, 1985); Williams v. Davis, No. 84-5782 (6th Cir. September 17, 1985).
 
 
 4
 Prison officials are given wide-ranging deference in the execution of policies needed to preserve internal order and maintain security. Bell v. Wolfish, 441 U.S. 520, 547 (1979). Under the emergency situation that existed at Ft. Pillow Prison on July 11, 1983, the warden acted reasonably to assure the security of the prison. See Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir. 1982); Collins v. Ward, 544 F.Supp. 408, 412 (S.D. N.Y. 1982); see Soto v. Dickey, 744 F.2d 1260, 1267-70 (6th Cir. 1984), cert. denied, 105 S.Ct. 1846 (1985).
 
 
 5
 Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.